UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENNETH L. FOOTE, | ) | 3 10 0829 |
| | ) | |
| Plaintiff, | ) | No. 3:10-mc-00099 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| MEDICAL DEPARTMENT, | ) | |
| DAVIDSON COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Davidson County Criminal Justice Center in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Medical Department of the Davidson County Jail. The plaintiff alleges that, while incarcerated, he has not been provided with adequate medical treatment for an ankle and foot injury. According to the plaintiff, the defendant's failure to provide the plaintiff with adequate medical treatment violated his Eighth Amendment right to be free from cruel and unusual punishment. He seeks damages in the amount of one million five hundred thousand dollars ($1,500,000.00) and medical treatment for his injury. (Docket No. 1).

**I.      Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte*

1

dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**II.     Section 1983 Standard**

The plaintiff alleges claim under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**III.    Analysis**

The plaintiff brings Eighth Amendment claims pursuant to § 1983 against the Medical Department of the Davidson County Jail. However, prison and jail medical departments are not "persons" within the meaning of § 1983. *Hix v. Tenn. Dep't of Corrs.*, 196 Fed. Appx. 350, 355-56 (6th Cir. 2006)(collecting cases from other circuits); *Baker v. Hamblen County Jail Staff*, No. 2:09-cv-135, 2009 WL 2588698, at *2 (E.D. Tenn. Aug. 19, 2009)(holding that *pro se* prisoner had failed to state a claim for relief under § 1983 against jail staff because the jail staff was not a person subject to suit within the terms of § 1983). Accordingly, the Medical Department of the Davidson County Jail is not a "person" under § 1983, and the plaintiff's claims against it fail as a matter of law.

Although he does identify them as defendants elsewhere, on page seven (7) of his complaint,

2

the plaintiff states the "[t]he defendants against whom relief is sought are . . . the Medical Administrator, who is responsible for arranging specialized medical care that cannot be provided in the jail, and the Deputy Warden for Administration, who is responsible for getting prisoners to their outside medical appointments." (Docket No. 1 at p.7). Construing the plaintiff's *pro se* complaint liberally, the court understands the plaintiff to attempt to assert § 1983 claims against the Medical Administrator and the Deputy Warden for Administration. However, the plaintiff does not name those persons individually. *See Kelly v. Sevier County Jail Medical Staff*, No. 3:08-cv-331, 2008 WL 3992779, at *1 (E.D. Tenn. Aug. 26, 2008)(finding that, with respect to the county jail shift sergeants, *pro se* prisoner must name those persons individually; "he cannot simply name as defendants the 'Shift Sergeants.'").

Neither does the plaintiff here allege any specific act or omission by either the Medical Administrator or the Deputy Warden for Administration. It is well established that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)(a supervisor cannot be sued solely based on his or her position as a supervisor). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1948 (2009). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). This the plaintiff has failed to do. Because the plaintiff has alleged no facts which show any alleged constitutional violation or any personal knowledge of the alleged constitutional violations on the part of the Medical Administrator or the Deputy Warden for

Administration, any attempted claims against these individuals fails.

IV. **Conclusion**

For these reasons, the court finds that the plaintiff's complaints fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

*Todd Campbell*
Todd J. Campbell
United States District Judge